UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CORNELIUS O. WILLIAMS** ] | |
| Petitioner, ] | |
| ] | |
| v. ] | No. 3:15-0968 |
| ] | Judge Campbell |
| **RANDY LEE, Warden** ] | |
| Respondent. ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Randy Lee, Warden of the facility, seeking a writ of habeas corpus.

**I. Background**

On August 24, 2009, the petitioner pled guilty in Montgomery County to the rape of a child, especially aggravated sexual exploitation of a minor (2 counts), and aggravated sexual battery. Docket Entry No. 15-1 at pg. 13. For these crimes, he received an aggregate sentence of thirty three (33) years in prison. *Id.* at pgs. 17-20.

Later, the petitioner filed a timely motion to withdraw his guilty plea. *Id.* at pgs. 23-24. Shortly thereafter, he also filed a *pro se* petition for post-conviction relief in the Circuit Court of Montgomery County. Docket Entry No. 15-10 at pgs. 4-15.

A hearing was conducted after which the petitioner's motion to withdraw his guilty plea was denied. Docket Entry No. 15-1 at pgs. 31-33. The petitioner then filed an appeal of the ruling

1

denying the motion to withdraw his guilty plea. During the pendency of the appeal, the trial court stayed the petitioner's post-conviction proceedings. Docket Entry No. 15-10 at pg. 21.

The Tennessee Court of Criminal Appeals affirmed the denial of petitioner's motion to withdraw his guilty plea. Docket Entry No. 15-9.

The petitioner next reopened the post-conviction proceedings by filing an amended *pro se* petition. Docket Entry No. 15-10 at pgs. 23-33. Counsel was appointed and the petitioner filed a second amended post-conviction petition. Following an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs. 40-43.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 15-15. The Tennessee Supreme Court then rejected petitioner's application for further post-conviction review. Docket Entry No. 15-17.

## II. Procedural History

On September 2, 2015, the petitioner initiated the instant action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No. 1). The petition contains three related claims for relief. These claims include:

> 1) the petitioner was denied the effective assistance of counsel when his attorney[1]
>    a) failed to request a mental evaluation of the petitioner after he attempted suicide;
>    b) failed to request "a hearing to test the mental capacity of the petitioner"; and
>
> 2) the petitioner pled guilty neither knowingly nor voluntarily.

---

[1] The petitioner was represented by Crystal Lynn Myers, an Assistant Public Defender in Montgomery County.

Upon its receipt, the Court conducted a review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 5) was entered instructing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No. 19), to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1). It appears that the petitioner's claims have been adjudicated on the merits in state court. *See* Docket Entry No. 15-6 (direct appeal); Docket Entry No. 15-13 (post-conviction).

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on

3

a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, *supra* at 562 U.S. 103.

Prior to trial, the petitioner wrote counsel a letter saying that he would attempt suicide. In response, counsel notified jail officials who placed him on suicide watch. Docket Entry No. 15-11 at pg. 13. The petitioner subsequently wrote his attorney a second letter asking that he be removed from suicide watch. *Id.* at pg. 25.

On the day of petitioner's trial, counsel learned that he had attempted suicide in his jail cell the night before.[2] When the petitioner arrived at the courthouse, counsel informed the court of this development and was granted an opportunity to speak with her client. According to counsel, the petitioner seemed "completely fine", he had no marks on him whatsoever, he was given no medication following this event and, after seeing the victims in court prepared to testify, he told counsel that he did not want to go forward with the trial, *Id.* at pgs. 14-15, and asked her "to get me a plea". *Id.* at pg. 36.

The petitioner now alleges that counsel was ineffective for failing to request a mental

---

[2] At the post-conviction evidentiary hearing, counsel recounted " .... he attempted to jump from the top bunk with a bed sheet tied on his neck and that deputies immediately saw him and that was the extent of it." Docket Entry No. 15-11 at pg. 12.

evaluation of him (Claim Nos. 1a and 1b). He also claims that his guilty plea is invalid because it was coerced by counsel (Claim No. 2).

A plea of guilty is valid if it was entered voluntarily and intelligently, Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005), as determined under the totality of the circumstances. Boykin v. Alabama, 395 U.S. 238, 242-244 (1969).

During petitioner's plea hearing, he acknowledged that it was in his best interest to enter a guilty plea. Docket Entry No. 15-2 at pg. 12. The petitioner admitted that, during the course of his plea colloquy, he knew exactly what he was pleading to. Docket Entry No. 15-3 at pg. 24. The petitioner had reviewed all discovery, including a videotape, with his attorney prior to trial.[3] Counsel gave the petitioner a letter explaining the case with potential consequences. Docket Entry No. 15-12 at pgs. 3-4. The court questioned petitioner thoroughly about his plea and concluded in an order denying the motion to withdraw plea :

> The petitioner was about to confront his accusers. At least one
> of the children would testify that he penetrated her. The petitioner
> made a conscious and voluntary decision to enter his pleas of
> guilty. From reading a transcript of the plea and the court's
> independent memory of the events of that day, the petitioner
> was clear headed and understood everything that was presented
> to him.

Docket Entry No. 15-1 at pg. 33.

The evidence against the petitioner was overwhelming. He was aware of this fact. Docket Entry No. 15-11 at pg. 38. To be sure, the petitioner was depressed by his situation. This depression in all likelihood had a coercive effect on him. Nevertheless, the record supports the finding of the

---

[3] The petitioner had made a videotape of the crimes that was recovered by the authorities and would be used against him at trial.

state courts that the petitioner's plea was not the product of improper coercion but was the best possible alternative for the petitioner to a bad situation. Docket Entry No. 1509 at pg. 7. Therefore, this claim has no merit.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Within the context of a guilty plea, prejudice is shown when "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner believes that counsel was ineffective for failing to arrange for a mental evaluation of him (Claim Nos. 1a and 1b).

The petitioner was a staff sergeant in the Army and had served for eighteen (18) years. His service record indicated that he was fit for duty and had no mental health issues. Docket Entry No. 15-3 at pg. 39. Following the suicide attempt, counsel thought about arranging a psychiatric evaluation for the petitioner but thought better of it. Docket Entry No. 15-11 at pg. 14. The petitioner was able to carry on a conversation with counsel and appeared to understand her. *Id.* at pg. 26. During preparation of the Pre-Sentence Report, the petitioner reported that he was in good physical and mental health. He took no medications and reported "no history of psychological problems,

treatment or counseling." Docket Entry No. 15-4 at pg. 8. In light of these circumstances, counsel can not be faulted for failing to arrange for a mental evaluation of the petitioner. In any event, the petitioner has not shown that he would have insisted on going to trial rather than enter a guilty plea. Accordingly, these claims are also without merit.

## IV. CONCLUSION

The state courts determined that the petitioner's fully exhausted claims lacked merit. The record supports these findings. The petitioner has failed to demonstrate in what way the legal analysis of the state courts ran contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims have no merit.

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge